## R. C. BOWMAN, TRUSTEE, *v.* B. S. ROBERTS.

1. DEED OF TRUST. *Misdescription of property.*
   A description of a mule, which it is sought to convey in a deed of trust, as "a light bay mule," when in fact it is "a light gray mule," is a fatal misdescription.

2. SAME. *Practice. Instruction not applicable to facts.*
   In a suit by a trustee to obtain possession of property claimed under a deed of trust, it is correct for the court to refuse to instruct the jury, in substance, that if the deed of trust embracing the property in controversy was executed to the plaintiff as trustee, then the legal title to the property was vested in such trustee until satisfaction of the debt, etc., when it appears to the court that the property was, in fact, not conveyed in the deed of trust. In such case the charge, though correct as a legal proposition, is not applicable to the facts.

3. SAME. *Misdescription of property. Bona fide purchaser.*
   Where it is attempted to convey the property in a mule by a deed of trust, but there is a fatal misdescription of the mule, a purchaser thereof without notice of such attempt to convey will be protected in his purchase.

4. PRACTICE. *Instruction. Assumption of fact.*
   An instruction which assumes a state of case that the evidence clearly shows does not exist, is erroneous.

5. DEED OF TRUST. *Right of possession. Cause of action. Limitation.*
   Under a deed of trust which provides that if the debt is not paid at maturity it shall be the duty of the trustee, upon request of the creditor, to take possession of the property and sell it, there being no other provision requiring the trustee to take possession of the property, the trustee is not entitled to the possession of the property upon the mere default in payment of the debt, and has no cause of action to recover the same until requested by the creditor to take possession thereof for the purpose of sale.

6. SAME. *Power of sale. How construed.*
   The powers of a trustee in a deed of trust, so far as they relate to the sale of the mortgaged property, must be strictly construed.

7. SAME.   *Construction thereof.   Practice.*

   In an action based upon a deed of trust, the operation and effect of which is in question, the court should construe the deed, and not leave its construction to be determined by the jury.

ERROR to the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

The case is sufficiently stated in the opinion of the court.

*J. C. Prewett,* for the plaintiff in error.

1. As soon as the condition in the deed of trust was broken, by the failure to pay the indebtedness at maturity, December 1, 1877, the legal title to the property conveyed was vested in the trustee.   Code 1871, sect. 2295.   Even without the aid of our statute, this proposition is true.   The authorities hold that a mortgagee is a purchaser *sub modo,* and that, after condition broken, he can maintain trover, detinue, or replevin for the possession of the mortgaged property.   It is therefore clear that the court erred in refusing to give the first instruction asked by the plaintiff, the refusal of which is assigned for error.   And when Roberts attempted to buy the mule in controversy from Fisher, in January, 1879, the latter had no title to the mule, and, of course, could not sell it.

2. The theory upon which the instruction given for the defendant, and here assigned for error, was based, is, that the Statute of Limitations began to run against the deed of trust on the day of the maturity of the debt — the 1st of December, 1877.   The true theory is that the statute commenced to run when Roberts took possession of the mule, in January, 1879, because up to that time there had been no adverse holding or adverse claim.   The right of action accrues at the time of the unlawful detention.   Wells on Repl. 427 ; *Read* v. *Markle,* 3 Johns. 524 ; *Kelly* v. *Griswold,* 6 Barb. 436.

But the deed of trust itself settles the question as to the Statute of Limitations.   The true meaning of the provision as to the possession of the property is that it should remain in the possession of the grantor, not only until the debt become due, but until the trustee should be requested by the

creditor to take possession of the same. So that the Statute of Limitations did not begin to run until such request was made, which was when the writ of replevin was sued out.

*Holt & Regan,* on the same side.

*A. M. Harlow,* for the defendant in error.

1. If records can be altered and changed with impunity; if alterations can be made in deeds of trust after they have been placed on record; if deeds of trust, after being placed on record, can be so altered as to embrace property not originally included, and which, before such alteration, has been bought by innocent third parties, in good faith, for a valuable consideration, and without notice, then the question arises, For what purpose was the statute intended relating to the alteration of records? Code 1871, sect. 2489. For what purpose should any deed be placed on record at all, if it is to be notice to the world as to the conveyance of any property not originally embraced in it?

2. The action of replevin is not a remedy at common law. It owes its existence to the statute, which defines and limits the application and scope of the remedy. It cannot be resorted to, under our statute, after the expiration of one year from the day when the right of action accrued.

According to the deed of trust under which the plaintiff claims, the debt intended to be secured was due and payable on the first day of December, 1877; and, under the terms of this deed of trust, if payment was not then made, the trustee could then take possession of the property. The right of action, therefore, accrued on the first day of December, 1877, and it could not continue as a right after the first day of December, 1878; for this remedy is expressly limited to the period of one year from the day when the right of action accrued.

GEORGE, J., delivered the opinion of the court.

Fisher gave a deed of trust on two mules, one described, as the deed was originally written and recorded, as " a light bay mule," and the other as " a white-faced horse-mule." By the

terms of the deed, the debt secured by it was due on the first day of December, 1877 ; and it was also provided that, should the grantor " fail to pay and satisfy said indebtedness at maturity, then it shall be the duty of the [trustee] at the request of the party of the third part, [the creditor] to take possession of the property conveyed," and, after giving ten days' notice, sell the same, etc.

There is evidence tending to show, though the grantor denies it, that in January, 1879, Fisher sold a light *gray* mule to the defendant in error, and delivered possession of the same to him. After the sale and delivery, — viz., in the spring of 1879, — it was discovered that there was a misdescription of one of the mules, and the grantor (Fisher) and the trustee went before the chancery clerk and caused the deed and the record to be altered by erasing " bay " and inserting " gray " in the description. Roberts denied that he had any knowledge of any deed in trust on the mule he bought.

This action of replevin was commenced in May, 1879, by R. C. Bowman, the substituted trustee, against B. S. Roberts, the purchaser, for the recovery of the gray mule. The verdict was for the defendant, and the plaintiff brings the case here on a special bill of exceptions, in which are the evidence in the case as set out, and the charges given and refused by the court. It is assigned for error that the following charge, asked by the plaintiff, was improperly refused : " That if the jury believe from the evidence that Simon Fisher executed a deed in trust to J. N. Gilruth, embracing the mule in controversy and con veying the same to Mosely, in trust to secure certain indebted ness due said Gilruth, and therein mentioned, then the legal title to said property was thereby vested in said Mosely, and said Fisher divested of the same, until the satisfaction of the deed in trust ; and if, before satisfaction of said trust, the said Fisher sold, traded, or disposed of said mule to Roberts, then such sale was void, and could not divest said Mosely of his legal title to said property."

This charge was properly refused. Though correct as a legal proposition, it did not apply to the facts of the case. The mule was not embraced in the deed as it was written, and the deed was not corrected until after the sale made to Roberts, if in fact such a sale was made, about which there was a conflict in the evidence.

Until that correction was made, Roberts, having, as he testified, no notice that the mule was intended to be embraced in the deed, had a right to purchase, and as against him there was no conveyance of the legal title by the trust deed.

It is also assigned for error that the court, at the instance of the defendant, gave the following charge : —

" If the deed of trust had embraced the mule in controversy, and there had been no alteration of it ; and if, also, under the deed of trust the original trustee, Mosely, by its provisions, had the right of possession on the 1st of December, 1877, still the action of replevin could not have been maintained by said original trustee after the expiration of one year from the 1st of December, 1877 ; and an action which could not be maintained by the original trustee could not be maintained by a new trustee appointed as his successor."

This charge ought not to have been given, because (1) the evidence clearly shows that the mule was not embraced in the deed of trust ; (2) the deed on its face did not give the right to the trustee to take possession of the mule on the first day of December, upon the mere default in the payment. He had the right to take possession only at the request of the creditor. The powers of a trustee in a deed like this are to be strictly construed, so far as they relate to the sale of the mortgaged property. This is the settled rule on the subject. He had no duty under the deed which required that he should have possession of the property, except to sell it. He was authorized to sell only on the request of the creditor, and he had no right to the possession except for a sale. It is therefore clear that the trustee had no cause of action to recover possession of the property until such request was made. (3) It was the duty

of the court to construe the deed in trust, and not leave it to the jury.

We do not deem it necessary to decide whether, if Roberts had purchased after the alteration, he would be bound by the record as thus altered, since it plainly appears that whatever right he had acquired to the mule was acquired before the alteration was made.

Judgment reversed, and *venire de novo* awarded.